# N. Y. SUPERIOR COURT.

### ANDERSON FOWLER agt. HENRIETTA BUTTERLY.

*Assignment — by married woman of a policy of life insurance — Rights of assignee thereunder — Undue influence — evidence of.*

Under and by virtue of the legislation of this state, in respect to insurance upon lives for the benefit of married women where the policy was what is known as an endowment policy, the amount insured being payable to the husband at a stated time, or to his wife if he died before such time, the wife acquires a contingent interest in such policy, and in the money to become due and payable thereon, of which, until the enabling act of 1873 (*Laws of* 1873, *chap.* 821), she could not divest herself by assignment or transfer.

Therefore, a paper to which the wife's signature appears to have been subscribed under date of October 13, 1873, and which purports to assign all her right, title, and interest in the policy to the plaintiff; *held,* to be inoperative as an assignment of her right to receive from the insurance company the sum which, by the terms of its contract, it became liable to pay to her upon the death of her husband during the period of the policy, provided she survived him.

Where the wife's signature to an assignment of her interest in a policy of insurance upon the life of her husband was procured from her by the exercise, on the part of her husband, of undue influence and control, amounting to compulsion; *held,* that such assignment gave no valid title thereto to the assignee.

Where the policy of insurance provided that the amount insured should be paid to the husband, provided his life continued beyond the term or period for which it was insured, and in case of his death before that time, it was payable to his wife:

*Held,* that the assignment, executed by the husband concurrently with that of the wife, operated only to transfer the contingent interest which he had in the insurance money and his right to collect it, provided his life continued beyond the term or period for which it was insured.

As between the assignee and the wife, no equity arose or can be invoked in favor of the assignee, except to the extent of premiums subsequently paid by him.

*Special Term, August,* 1877.

THIS action is brought to recover the amount due upon a policy of life insurance, known as an endowment policy, issued by the North American Life Insurance Company to one Nicholas Butterly, the husband of the present defendant. It was originally commenced against the insurance company, on or about the 30th day of October, 1875, by the service of a summons and complaint on said insurance company. Said company, before answer, upon affidavit by S. S. Herrick, its general manager of the claim department of said company, that on or about the 27th day of September, 1875, Luke A. Lockwood, stating himself to be the attorney of Mrs. Henrietta Butterly, claimed that the proceeds of the life insurance policy, for the payment of which the said suit of the plaintiff against said company was brought, belonged to said Henrietta Butterly, and, at the same time, demanded that the amount of said policy should be paid by the company to the said Henrietta Butterly, and that the claim of said Henrietta Butterly was made without collusion between said insurance company and the claimant, whereupon, upon application of the plaintiff, said Henrietta Butterly was, by order of the court, dated December 1, 1875, substituted as defendant in the place of the North American Life Insurance Company, said company paying the amount then due on the policy into court.

The facts as to the policy are as follows : Nicholas Butterly, on or about September 6, 1867, applied to, and received from the North American Life Insurance Company a policy of insurance in his own name and right, as the party assured, on his own life, in the amount of $5,000, until the 6th day of September, 1882, or until his decease, in case of his death before that time. All the premiums on said policy were paid, as they became due, by said Nicholas Butterly, up to and including the one becoming due September 6, 1869, in continuance of said policy, for twelve months ending September 6, 1870. On the request of said Nicholas Butterly, and upon the surrender of the above-mentioned policy by him

to said company, the said company, on or about the 28th day of September, 1869, executed a new policy of insurance, same number, bearing same date, and of the like tenor and effect as to the times terms and conditions of the insurance, and which policy was duly executed and delivered on the 29th of September, 1869, to said Nicholas Butterly in lieu of, and in substitution for, the former policy of insurance, upon which the advance premium and all other payments of premiums had been paid and accepted as aforesaid, and as a continuance of that policy. It was witnessed and expressed in said last-mentioned policy (which is the one on which this suit is brought), that the North American Life Insurance Company, in consideration of the representations made, and of the sum of $369.25 to them in hand paid by Nicholas Butterly, and of the annual premium of the like amount, to be paid on or before the sixth day of September of each and every year (or half or quarter yearly in advance, with interest), until the year 1881, inclusive, not exceeding fifteen annual premiums, did assure the life of Nicholas Butterly in the amount of $5,000 until the 6th day of September, 1882, or until his decease, in case of his death before that time. And the said company did thereby promise and agree to and with the said assured, well and truly, to pay, or cause to be paid, the said sum insured to the said assured within ninety days after the termination of that assurance as aforesaid; or, in case he should die before that time, to Henrietta Butterly, wife, if living, otherwise to Alice V. Butterly, daughter of the said assured. The successive annual premiums to be paid on said policy on the 6th September, 1870; 6th September, 1871; 6th September, 1872, were duly paid by Nicholas Butterly, and the insurance therein assured was continued through the twelve months ending on the 6th day of September, 1873, at noon. On or about October 13, 1872, Nicholas Butterly executed and delivered a paper purporting to be an assignment of said policy to one Joseph E. McCormack, the consideration of which is disputed by the plaintiff;

and she, also, by her answer, alleges that it is wholly void and of no effect, so far as her interest under said policy is concerned.. At. the same time an instrument of assignment of the same date, signed and executed by .Henrietta Butterly (wife) and Alice V. Butterly (daughter of said Nicholas), consideration expressed in same being one dollar, purporting to sell, assign, transfer and set over unto said McCormack all their right, title, and interest in said policy. The answer alleges that, upon the request of her husband, she was induced, and did, without any consideration therefor, sign a paper of the contents of which she was entirely ignorant, and which she now believes to be the assignment referred to in said complaint; and she alleges that the said paper was executed by her, without consideration, at the request of her husband, without her knowledge of its contents, and under the fear that, if she declined to execute the paper, she would incur the displeasure of her said husband, and she avers that the said paper was and is illegal, void and of no effect whatever.

At the time of the execution of the said assignments, said Nicholas Butterly delivered to said Joseph E. McCormack the said policy of insurance, and due notice of said assignments to said McCormack was given to said company, and the same were entered on the books of, and recorded by, said company March 11, 1873. Said Joseph E. McCormack, on the 6th day of October, 1873, paid to said company, and said company accepted from him, $369.25 for premium due September 6, 1873. On or about the 24th day of December, 1873, Joseph E. McCormack, in consideration of one dollar, sold, assigned and set over to this plaintiff the said policy of insurance, of which said assignment to this plaintiff the said company had due notice, and the same was entered on its books and recorded by the company on the 24th day of December, 1873. McCormack, on the 4th day of September, 1874, paid to said company, from funds furnished by this plaintiff and on his acccount, $369.25, for premium due September 6, 1874, continuing said policy to September 6, 1875.

Nicholas Butterly died on the 9th day of April, 1875. Due notice of such death was given by this plaintiff to said company on or about the 6th day of May, 1875, and, on the 23d day of June, 1875, this plaintiff presented and furnished to said company satisfactory evidence of such death, and proof of the just claim of the assured thereunder. The defendant also caused due proof of loss, and of her claim to the amount of said policy, to be served upon said company.

*C. Van Santvoord*, for plaintiff.

*Luke A. Lockwood*, for defendant.

SANDFORD, *J.* — Under and by virtue of the legislation of this state, in respect to insurance upon lives for the benefit of married women, the defendant acquired a contingent interest in the policy upon which this action was originally brought, and in the money to become due and payable thereon, of which, until the enabling act of 1873 (*Session Laws, ch.* 821) she could not divest herself by assignment or transfer (*Eadie* agt. *Slimmon*, 26 *N. Y.*, 9 ; *Barry* agt. *Equitable Ins. Co.*, 59 *id.*, 587). The paper, therefore, to which her signature appears to have been subscribed, under date 13th of October, 1872, and which purports to assign all her right, title and interest in the policy to one Joseph E. McCormack, was inoperative as an assignment of her right to receive from the North American Insurance Company the sum of $5,000, which, by the terms of its contract, it became liable to pay her upon the death of her husband during the period of the policy, provided she survived him. Her interests under this contract formed no part of her separate estate, and no power of disposing of them accrued to her by virtue of the " married women's acts," so called. The plaintiff, therefore, acquired no title to, or right to receive the funds in controversy, by virtue of that paper.

If, however, an assignment, duly executed by the defend-

ant, could in law be deemed to pass the title which she had, the evidence establishes, beyond controversy, the fact that her signature was not affixed to the instrument purporting to be an assignment of her interest, voluntarily and without compulsion on the part of her husband. On the contrary, it appears, and I must find as matter of fact, that she subscribed such pretended assignment without any knowledge of its purpose or purport, without any consideration passing to her for so doing, and without any intention, on her part, to divest herself of her property or rights; and that her signature thereto was procured from her by the exercise, on the part of her husband, of undue influence and control, amounting to compulsion. She testifies that if she signed the paper at all, of which, she has no recollection, though she admits the fact, she signed it at the request and in the presence of her husband, and because she was "afraid to refuse." He was very self-willed, very determined, and not in the habit of consulting her in regard to his affairs. He did not consult her in regard to taking out the policy, and though neither promises nor actual threats were employed to induce her to part with her interest in it, the evidence warrants the conclusion that she did so while under marital influence and constraint, and not as her own free act.

The assignment, executed by the husband concurrently with that of the wife, operated, in my judgment, only to transfer the contingent interest which he had in the insurance money and his right to collect it, provided his life continued beyond the term or period for which it was insured, viz., "until the 6th day of September, in the year 1882." The money was payable to him only on that condition. In case of his death before that time, it was payable to his wife if living. The plaintiff and McCormack, his assignor, received the instrument and the documents purporting to transfer it, with full notice, from its terms, of the respective rights and interest of both husband and wife; and McCormack testifies that, although he knew the defendant, he had no negotiations with

her in relation to this purchase; that he paid her no money and agreed to pay her none, and that the entire transaction was between himself and her husband. I am of opinion that, as between him and her, no equity arose or can be invoked in his favor, except to the extent of premiums subsequently paid.

Judgment may be rendered directing payment to the plaintiff from the fund now in court of a sum equivalent to the aggregate amount of such premiums, with interest on each from the date of its payment, and declaring the defendant entitled to receive, and directing payment to her of the residue of such fund. Costs are allowed to neither party.